Thelma MORRIS, on her own behalf and on behalf of a class of persons similarly situated,

v.

CITY OF PITTSBURGH.

Civ. A. No. 77–1256.

United States District Court,
W. D. Pennsylvania.

March 22, 1979.

Karen Baskin, Baskin & Sears, Pittsburgh, Pa., for plaintiff.

Marvin A. Fein, Law Dept., City of Pittsburgh, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, Chief Judge.

This is an action for declaratory and injunctive relief and damages arising from defendant's alleged practices and policies of sex discrimination in employment. Plaintiff, Thelma Morris, has brought suit against the City of Pittsburgh on her own behalf and on behalf of a class of persons similarly situated to seek redress for deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff now moves this Court to determine whether or not this case should proceed as a class action pursuant to Fed.R. Civ.P. 23(a) and (b)(2).

The gravamen of plaintiff's complaint is that because of her sex the City of Pittsburgh classified her as a janitress and paid her less wages than male janitors who did the same work. Additionally, plaintiff charges that defendant has maintained a pattern and practice in hiring, assignment and promotion resulting in plaintiff and other class members having been denied consideration for jobs as janitors or custodians/heavy, laborers, elevator operators, watchmen and custodial work supervisors and superintendents.

Plaintiff seeks to have certified as a class:

All present, past and future female employees of the City of Pittsburgh, Department of Lands and Buildings, Bureau of Operating Maintenance from January 1, 1972 to the Present; all unsuccessful female applicants for employment in the Bureau of Operating Maintenance from January 1, 1972 to the present; all females who will apply for certain positions at the Bureau of Operating Maintenance and who will not be considered on account of their sex; all females who are, have been or will be qualified for promotions at the Bureau of Operating Maintenance but who will not be so promoted; all females who would have applied for employment at the Bureau of Operating Maintenance but who have been deterred from so doing because of their sex from January 1, 1972 to the present.

Plaintiff was employed by the City of Pittsburgh, Department of Lands and Buildings, Bureau of Operating Maintenance as a janitress from her initial employment on July 19, 1965 until her voluntary termination on October 22, 1973. Plaintiff performed her duties in the Public Safety Building and in the Police and Fire Academy. On September 12, 1973 plaintiff filed a charge of unlawful sex discrimination against defendant with the EEOC stating:

I am being discriminated against because of my sex in that I am classified as a janitress and get paid less than male janitors and I do the same work.

Plaintiff filed an amended charge with the EEOC on February 23, 1975. On August 1, 1977, plaintiff received notice of her right to institute suit against defendant and timely filed this suit.

■ To be maintained, a class action must meet all the requirements of Rule 23(a) and also come within one of the subsections of 23(b). *Eisen v. Carlisle and Jacquelin*, 391 F.2d 555 (2nd Cir. 1968). Before discussion of the Rule 23 criteria, plaintiff's definition of the class will be considered.

■ Morris charges defendant with discriminatorily classifying females as janitresses or custodians/light which results in unequal pay, promotion and employment opportunities for women. This practice and policy is a continuing violation of Title VII and would allow a present employee to file a charge at any time. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 246 (3rd Cir. 1975). Consequently, plaintiff can represent all present and future female employees and applicants for employment within the Bureau of Operating Maintenance. However, plaintiff cannot represent past female employees and applicants who could not have filed a charge with the EEOC at the time she filed her charge. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d at 246. We must further limit the class by excluding all females who would have applied for employment at the Bureau of Operating Maintenance but who have been deterred from so doing because of their sex. Since it would be impossible to

ascertain whether an individual would have applied for employment had it not been for alleged discrimination by defendant against women, a class which includes such individuals cannot be identified and will not be certified.

With the class restricted as set out above, we will now consider whether the plaintiff's action is proper for certification as a class action under Rule 23.

■ Defendant's answers to plaintiff's first set of interrogatories indicate that there were at least 42 females employed as janitresses or custodians/light during the relevant period of time. No females were or are employed as janitors or custodians/heavy, laborers, elevator operators, watchmen, custodial work supervisors or superintendents. We are satisfied that the class is so numerous that joinder of all members is impracticable. As the Sixth Circuit said in *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n. 24 (1976)

There is no specific number below which class action relief is automatically precluded. Impracticability of joinder is not determined according to a strict numerical test but upon the circumstances surrounding the case.

The representative plaintiff here seeks injunctive and declaratory relief on behalf of future female employees and applicants as well as past and present female employees and applicants. Forty-two is a low estimate of the number of class members.

■ There is little difficulty with the second requirement of Rule 23(a). In light of plaintiff's evidentiary support for her motion for class action determination, we believe there will be questions of law and fact common to the class. More specifically, however, Rule 23(a)(2) requires common questions of fact and law between the representative and those she seeks to represent. We regard the common question of law to be whether defendant's exclusive and automatic classification of females as janitresses or custodians/light violates Section 2000e of the Civil Rights Act of 1964. With respect to the common question of

fact, defendant argues that custodial duties differ depending on the building to which a custodial employee is assigned and on the position held. Defendant cites the deposition of the representative plaintiff in which she testifies that her duties varied between the Police and Fire Academy and the Public Safety Building. We find this argument to be without merit. The job descriptions define the duties for the various positions and these duties remain constant regardless of the building to which one is assigned. The duties actually performed on any job will always vary depending on the number of workers involved and the overall work to be completed. Defendant also questions whether Morris' complaint of doing the same work as the male janitors while receiving less pay presents questions of fact common to those class members who have been denied employment or promotion. The common question of fact is whether defendant automatically classified all females as janitresses or custodians/light. This question is present in all possible claims of the class. The various consequences flowing from this rigid classification include denial of equal pay for substantially equal work and denial of promotion to and employment in positions other than janitress or custodian/light.

The third requirement of 23(a) is that the representative's claim must be typical of the other members of the class. This requirement has been imposed and applied to avoid any inordinate emphasis being placed on the circumstances of the named plaintiff. The representative plaintiff's situation should be factually and legally similar to that of the rest of the class. There is little merit to any argument that Morris will have different claims or interests and will, therefore, be less representative of the class. The claims of all potential class members are alike. All members seek relief from defendant's alleged rigid classification of females as janitresses or custodians/light.

We must also inquire into whether the representative plaintiff will fairly and adequately protect the interests of the class.

We have no doubt regarding the qualifications of the representative's attorney to serve as plaintiff's counsel in a class action. We are also assured that the representative plaintiff will vigorously protect the interests of the class. We can foresee no instance in which the interests of the representative will be antagonistic to those of the class. Defendant's argument that Morris is not an adequate representative because 1) her contact with present employees and knowledge of present job duties is minimal, 2) she never asked to be promoted, and 3) she did not voluntarily terminate her employment due to unequal pay or lack of employment opportunities is not persuasive.

Finally, a prospective class action can be maintained only if, in addition to satisfying all requirements of 23(a), it falls under one of the subsections of 23(b). This action may be maintained pursuant to 23(b)(2) which allows a class action when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . ." Here, defendant has acted toward females uniformly by classifying each female as janitress or custodian/light. This action of defendant is allegedly discriminatory resulting in the class members being denied rights secured by the Civil Rights Act of 1964. Final injunctive or declaratory relief is appropriate with respect to the class as a whole.

AND NOW, to-wit, this *22nd day of March, 1979*, for the reasons expressed above,

IT IS ORDERED that plaintiff be and hereby is certified, pursuant to Fed.R.Civ.P. 23(a) and (b)(2), to represent a class delineated as all female employees and applicants for employment of the City of Pittsburgh, Department of Lands and Buildings, Bureau of Operating Maintenance who could have filed charges with the EEOC on or after September 12, 1973, all females presently employed by defendant and all females who may be employed by defendant in the future who were, are or in the future

may be affected by the policies and practices of defendant which were the subject of plaintiff's EEOC charge—namely, the classification of all females exclusively as janitresses or custodians/light resulting in unequal pay, denial of promotion and denial of employment opportunities.