**Manuel RODRIGUEZ, Plaintiff,**

v.

**DEPARTMENT OF THE TREASURY, Defendant.**

**Civ. A. No. 85–886.**

United States District Court,
District of Columbia.

Nov. 20, 1985.

in his complaint against the Department of Treasury and the Secret Service that they practiced discriminatory hiring policies in violation of the provisions of the Rehabilitation Act of 1973, 29 U.S.C.A. § 791 *et seq.* (West 1985). He also alleges that he represents a class "consisting of 'handicapped' applicants and would-be applicants for employment with the Secret Service." Complaint at ¶ 2.

The plaintiff's motion for class certification is now at issue. For the reasons set out below, the motion for such certification is **denied.**[1]

**DISCUSSION**

Section 505 of the Rehabilitation Act, 29 U.S.C. § 794a, mandates that the procedure and case law applicable to actions arising under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16, guide the Court's determination of whether an action may proceed on a class basis. The prevailing rule in Title VII cases is that a plaintiff who wishes to maintain a class action must meet the requirements of numerosity, commonality, typicality, and adequacy of representation of Fed.R.Civ.P. 23(a). *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 2369, 72 L.Ed.2d 740 (1982). This Court may certify a class action only upon a determination after rigorous analysis that all of the prerequisites of the Rule have been met. *Id.* at 161, 102 S.Ct. at 2372; *Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668, 673 (9th Cir.1975).

Plaintiff seeks to represent a class consisting of recovered asthmatics who were, or would have been had they applied, denied employment. Plaintiff's Memorandum in Support of Motion for Postponement of Any Class Action Adjudication Pending Discovery, Aug. 13, 1985, at 2. It is within

Mozart G. Ratner, Washington, D.C., for plaintiff.

Robert C. Seldon, Asst. U.S. Atty., Washington, D.C., for defendant.

MEMORANDUM ORDER

(Denying Class Certification)

BARRINGTON D. PARKER, District Judge.

The plaintiff, Manuel Rodriguez, a recovered asthmatic, claims that his application for a position with the United States Secret Service Uniformed Division ("Secret Service") was denied or discouraged because of his former health problems. He alleges

---

1. On June 18, 1985, the plaintiff requested that the Court postpone a ruling on the class certification issue until he had an opportunity to conduct discovery. On July 31, 1985, the Court stayed discovery and required that plaintiff file a "memorandum of points and authorities demonstrating with specificity ... and by supporting affidavits, to the extent now known by plaintiff, the bases for permitting this action to proceed as a class action under Rule 23, Fed.R.Civ. P." On October 7, 1985, plaintiff filed a motion to vacate the order staying discovery. Given the Court's resolution of the class certification motion, the motion to vacate the discovery stay is moot.

the Court's discretion to deny class certification without permitting discovery if the plaintiff fails to present a *prima facie* case for maintaining a class action. *Doninger v. Pacific Northwest Bell,* 564 F.2d 1304, 1312–13 (9th Cir.1977). The government in opposing class certification has argued convincingly, and with credible support, that the plaintiff's purported class does not meet the numerosity or typicality requirements of Rule 23(a). Plaintiff's allegations are not convincing and lack sufficient specificity even to justify conditional certification pending discovery. *See* Fed.R.Civ.P. 23(c)(1).

### A.

■ The first requirement, that the class be so numerous that joinder of all members would be impracticable, is the requirement that plaintiff most clearly fails to satisfy. There are no arbitrary rules concerning how many members a class must have to satisfy this requirement. Practicability of joinder is the crucial factor, and this depends on the size of the class and the ease of identifying its members. *Garcia v. Gloor,* 618 F.2d 264, 267 (5th Cir.1980), *cert. denied,* 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981). Plaintiff asserts that the class may have over one thousand members. But beyond the bare assertions of counsel on this point, plaintiff has submitted only a very general affidavit from a man who was a Recruiting Sergeant for the Uniformed Division of the Secret Service, serving in that capacity from April 1981 to March 1982. The affidavit is con-

clusory and ambiguous.[2] It fails to state the basis for the affiant's knowledge that it was the policy of the Secret Service to reject any person who reported a history of asthma. Nor does it indicate that the medical records to which the affiant had access show that the over one thousand persons who were rejected or discouraged from applying had asthma or a history thereof.

In contrast, the government has submitted an affidavit from the current Recruiting Sergeant. That affidavit relates in detail the number of potential class members in the time period relevant to this complaint.[3] A total of 59 individuals with asthma or a history of asthma applied to the Secret Service from 1983 to the present. Those 59 individuals were informed that their condition was potentially disqualifying and that further medical tests would be necessary. Of the 59 applicants, 35 were rejected for reasons unrelated to their medical condition before submitting to the additional examination that the Secret Service required. Eleven of the remaining applicants took the medical examination and only two failed. Thus, even if the rest of the applicants, the 13 who withdrew from the competition before the examination, are assumed to have been discouraged from continuing their applications by the asthma policy, the class would still have at most 15 identifiable members. This class is not so numerous as to make joinder of claims impracticable. *See* 3B Moore's Federal Practice ¶ 23.05[1], at 23–151 (2d ed. 1985).

---

**2.** The affidavit states in part as follows:
   As recruiting sergeant I had access to the medical records for the period from 1978 to March of 1982. My observation, based on my experience, indicated that over one thousand people were rejected or discouraged who had formally applied or had made inquiries about the job. Several hundred who had current, documented medical records stating that they were cured from asthma and/or hay fever, were also discouraged from applying.

**3.** A potential class member must have been able to file a *timely* complaint at the time the class representative did so. *See Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 472, 473 (D.C.Cir. 1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281,

55 L.Ed.2d 792 (1978); *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 246 (3d Cir.1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). According to the complaint, plaintiff first spoke with an Equal Employment Opportunity Counselor at the Secret Service on June 10, 1983. Under 29 C.F.R. § 1613.214(a) (1985), a complaint to an EEO Counselor must be made within 30 days of the occurrence of the alleged unlawful practice. An individual who wishes to pursue a class complaint must contact an EEO Counselor within 90 days of the discriminatory act. 29 C.F.R. § 1613.602. The earliest backward cut-off date for this class action would therefore be March 10, 1983.

■ Rodriguez argues that the class should include recovered asthmatics who never made a formal application to the Secret Service because they thought their applications would be fruitless and future potential applicants who might be deterred or rejected because of a history of asthma. It is true that some courts have allowed future and deterred applicants to be part of a class. *See Phillips v. Joint Legislative Committee etc.*, 637 F.2d 1014, 1022 (5th Cir.1981), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982); *Christman v. American Cyanamid Co.*, 92 F.R.D. 441, 447 (N.D.W.Va.1981). But in this case, identifying persons who were discouraged from applying because of the alleged discriminatory policy of the Secret Service would put an enormous burden on the Court. Furthermore, that such a group of persons exists, much less that it is very large, is speculative at best. While it may be appropriate to allow unidentified deterred applicants to be part of a class action that includes other more tangible groups, it is inappropriate to allow a purely speculative class to be the sole basis for the satisfaction of the numerosity requirement. This Court will therefore not consider past and future deterred applicants as part of the proposed class. *See Alvarez v. City of Philadelphia*, 98 F.R.D. 286, 289 (E.D.Pa.1983); *Morris v. City of Pittsburgh*, 82 F.R.D. 74, 76 (W.D.Pa.1979).

At this stage of the litigation, without a larger number of identifiable class members, there is no reason to conditionally certify the class and allow discovery to proceed on the issue. The government has already demonstrated that the number of actual applicants who might be part of the class is not very large. Individuals who never applied simply would not be known to the Secret Service.[4]

**B.**

In addition to the above, the government has made a number of arguments that tend to show that plaintiff would not be an appropriate representative of the putative class. Most importantly, it asserts that plaintiff failed to pursue his administrative remedies in a timely fashion. Mr. Rodriguez originally applied to the Secret Service on February 28, 1983. More than three months later, on June 10, 1983, he contacted a recruiting sergeant who, according to the complaint, "advised him that there was no use in reapplying for a position because defendants would automatically reject him." Complaint at ¶ 10(c). Immediately after this conversation, Rodriguez contacted an EEO counselor.[5]

Rule 23(a) requires that the claims of a class representative be typical of the claims of the class. If a defense unique to the class representative is asserted, the attention of the trier of fact may be distracted from the issue that would be controlling for the rest of the class. Such a situation often warrants denial of class certification. *See Koos v. First National Bank of Peoria*, 496 F.2d 1162, 1165 (7th Cir.1974); *Beaver Falls Thrift Corp. v. Commercial Credit Business Loans, Inc.*, 563 F.Supp. 68, 72 (W.D.Pa.1983).

■ The circumstances surrounding Mr. Rodriguez's request for EEO counseling do indeed raise an arguable defense unique to him. The success of this defense depends on whether his telephone conversation with the recruiting sergeant constituted an independent act of discrimination or an attempt to resurrect a claim which by then was stale. Rodriguez should not be permitted to impose a disadvantage on the class he represents by burdening it with the responsibility of addressing factual and legal

---

4. An affidavit supplied by Elizabeth M. Casey, the individual responsible for the processing of Secret Service employment applications, indicates that records are kept of telephone and mail inquiries about employment in order to inform potential applicants of the date of administration of the next written examination for Secret Service employment. However, these

records are destroyed after each administration of the test.

5. 29 C.F.R. § 1613.602 requires an applicant who seeks to raise a class claim of discrimination to consult with an EEO counselor within 90 days of the alleged discrimination.

questions unique to him. *See Koos*, 496 F.2d at 1165.

Having failed to meet the numerosity and typicality requirements of Rule 23, the plaintiff's proposed class cannot be certified. The effect of such certification, however, is not completely lost since the complaint requests declaratory and injunctive relief. Thus, if Rodriguez is successful in his individual lawsuit, a decree could be fashioned that would run not only to his benefit but to the benefit of many of the members of the proposed class. *Kinsey v. Legg, Mason & Co.*, 60 F.R.D. 91, 101 (D.D. C.1973), *rev'd on other grounds sub nom. Kinsey v. First Regional Securities, Inc.*, 557 F.2d 830 (D.C.Cir.1977).

Accordingly, it is this 19th day of November, 1985,

### ORDERED

That plaintiff's motion for class certification is **denied.**